Case 2:15-cv-00139   Document 57   Filed in TXSD on 11/03/15   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER SPARKS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-139 |
| § | |
| TEXAS DEPARTMENT OF § | |
| TRANSPORTATION, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION FOR JUDGMENT
## AND FOR STAY PENDING APPEAL

On September 21, 2015, this Court issued its Order dismissing claims made against Defendants Michael Woods, Bonnie Schmolbach, and Michael Leritz in their official capacities. D.E. 44. Now the same Defendants seek judgment on the pleadings in their individual capacities. D.E. 45. Plaintiff Christopher Sparks (Sparks) has filed a notice of appeal with respect to the Court's prior Order (D.E. 44) and has filed his motion (D.E. 47) to stay these proceedings pending an appellate ruling on the official capacity claims. For the reasons set out below, the motion for judgment is GRANTED IN PART and DENIED IN PART and the motion for stay is DENIED.

### A. Standard of Review

The standard of review for a motion for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n. 8 (5th Cir. 2002). Judgment may be rendered against a plaintiff if factual allegations are insufficient

to raise the entitlement to relief above the level of mere speculation or if the pleadings, taken as true, show that there are no disputed issues of material fact and that the defendant is entitled to judgment as a matter of law. *Id*. at 311; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Greenberg v. General Mills Fun Group., Inc*., 478 F.2d 254, 256 (5th Cir. 1973).

As in the context of Rule 12(b)(6), the Court considering a Rule 12(c) motion may consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011); *Great Plains Trust Co*., 313 F.3d at 313; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## B.  ADA/ADAAA

Defendants assert that the Court's rationale for dismissing the ADA/ADAAA claims against them in their official capacities applies equally to them in their personal capacities, referring to D.E. 44, pp. 5-6.  However, the rationale in adjudicating the previous motion was sovereign immunity, which was abrogated for Title II claims, but not for Title I claims.  Sparks' claim is one regarding employment under Title I, thus official capacity claims are barred by sovereign immunity.  Defendants have not briefed any reason that sovereign immunity would apply to them in their individual capacities.  Consequently, the prior order has no application to the ADA/ADAAA claims made against them in their individual capacities.  The Court DENIES the motion for judgment on the ADA/ADAAA claims.

### C. Equal Protection

Defendants assert that the Court's prior analysis with respect to the equal protection claims made against them in their official capacities applies equally to the claims made against them in their individual capacities. The Court found that Sparks had failed to allege a viable equal protection claim because he did not identify any similarly situated employee who was treated differently and because he failed to show how Defendants' acts were without a rational basis. D.E. 44, pp. 7-8.

Sparks states that his claims are sufficient under *Shurb v. University of Texas Health Science Center*, No. 4:13-CV-271, 2013 WL 4096826, *8 (S.D. Tex. Aug. 13, 2013).[1] In *Shurb*, a medical school student who had significant medical and psychological issues was permitted to bring an equal protection challenge against the school and its employees because the court found that he had sufficient pleadings that the defendants treated him irrationally and differently from similarly situated students. The decision was based on that plaintiff's particular pleading, which was not set out at length. However, the opinion illustrates that Shurb suffered his dismissal from medical school solely as a result of refusing to respond to the school's allegedly irrational suspicion that he was a danger to himself or others and its demand for proof of medical fitness.

Here, as previously determined, Sparks was terminated after a safety violation. He did not allege sufficient facts to illustrate that his treatment was irrational or different from that given similarly situated employees. Sparks, despite having a renewed

---

[1] Sparks at one point represents the *Shurb* case to be a Fifth Circuit decision. D.E. 52, p. 11. But it is an unpublished opinion issued by Judge Hoyt, sitting for the United States District Court for the Southern District of Texas, Houston Division and does not have the precedential effect of a published Fifth Circuit opinion.

opportunity to demonstrate that his pleadings are sufficient in that regard has failed to show these two necessary elements of his equal protection claim. Consequently, the Court GRANTS the motion for judgment on the pleadings on the equal protection theory.

### D. Hostile Work Environment

The parties agree that the elements of a hostile work environment claim are: (1) that plaintiff belongs to a protected group; (2) that he was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action. *Flowers v. Southern Regional Physician Services*, 247 F.3d 229, 235-36 (5th Cir. 2001). Defendants challenge Sparks's claim of having suffered a hostile work environment solely on the issue of whether Sparks qualifies as a member of a protected class.

In *Flowers*, the employee was a member of a protected class on the basis of her HIV-positive status. *Id*. at 237. Thus having a physical disability qualifies one for "protected class" status. The ADA definition of "disability" includes "perceived disability"—being treated as having a disabling impairment even if the impairment is not considered to limit a major life activity. 42 U.S.C. § 12102. Sparks has pled that Defendants treated him as having a perceived disability. Thus Defendants' claim that Sparks was not a member of a protected class is erroneous. The Court DENIES the motion on the hostile work environment theory.

### E. Retaliation

Defendants contend that Sparks does not have a retaliation claim because he was an at-will employee. This argument is without merit. The fact that at-will employment is not "property" for purposes of the Due Process Clause does not mean that loss of at-will employment may not supply an injury upon which the plaintiff may predicate a civil rights action. *See generally*, *Haddle v. Garrison*, 525 U.S. 121, 125-26 (1998). The gist of the wrong that the ADA was designed to address is discrimination on the basis of a disability or perceived disability. 42 U.S.C. § 12112. It does not matter that Sparks's employer could terminate his employment at any time. What matters is that the employer cannot discriminate against him at any time. The ADA is a statutory exception to the Texas common law principle of at-will employment. The Court DENIES the motion for judgment on the retaliation claim.

### F. Motion for Stay

Sparks seeks a stay of the proceedings pending the resolution of his appeal of this Court's prior Order (D.E. 44). Defendants contend that Sparks's appeal is improper because it is an interlocutory order that does not satisfy any prerequisites for interlocutory appeal. While it is within the Fifth Circuit's purview to determine whether it has jurisdiction to proceed with Sparks's appeal, this Court maintains the power to stay proceedings, a power that is incidental to the power inherent in every court to control the docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). After due evaluation of the issues that Sparks wants to appeal and the remaining claims and other considerations relevant to the

maintenance of this Court's docket, the Court is of the opinion that a stay is not warranted.

### G. Conclusion

For the reasons set out above, Defendants' motion for judgment on the pleadings (D.E. 45) is GRANTED IN PART with respect to the equal protection claim and is DENIED IN PART with respect to the ADA/ADAAA, hostile work environment, and retaliation claims. The Court DENIES the motion for stay (D.E. 47).

ORDERED this 3rd day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE