United States District Court
Southern District of Texas
**ENTERED**
February 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-139 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff Christopher Sparks (Sparks) sued the Texas Department of Transportation and three of its employees for employment discrimination, retaliation, and a hostile work environment based on a perceived disability related to Sparks's Tourette's Syndrome utterances.  D.E. 1, 29.  Sparks sued under the Americans with Disabilities Act of 1990 (ADA), the Americans with Disabilities Amendments Act of 2008 (ADAAA),[1] and the Civil Rights Act, 42 U.S.C. § 1983.  D.E. 29.  After the Court's previous Orders,[2] the only remaining claims are those against the three employees, Defendants Michael Woods, Bonnie Schmolbach, and Michael Leritz—in their individual capacities—for retaliation and a hostile work environment under § 1983.  Before the Court is "Individual-Capacity Defendants' Motion for Summary Judgment" (D.E. 63).  For the reasons set out below, the Court GRANTS the motion and DISMISSES this action.

---

[1]   42 U.S.C. §§ 12111, 12112, et seq.

[2]   Order, D.E. 21 (dismissing all claims against TxDOT, Judge Kenneth Hoyt); Order, D.E. 44 (dismissing official capacity claims); Order on Motion for Judgment and for Stay Pending Appeal, D.E. 57 (dismissing the equal protection claims); Minute Entry of December 9, 2015 (dismissing ADA/ADAAA claims).

Defendant employees' first argument is that Sparks is not entitled to make claims against them through § 1983 that cannot be made against them under the ADA/ADAAA. Sparks continues to rely exclusively on the ADA/ADAAA as supplying the anti-discrimination impetus behind his § 1983 claims. D.E. 74. And his argument in response to the summary judgment motion goes to the general concepts of the ADA/ADAAA providing a civil right, Defendants acting under color of law, and Defendants having a personal role in the alleged discrimination.

While all of that may be true, Sparks has not addressed the precise question: whether the ADA/ADAAA's failure to provide a remedy against an individual may be supplemented by § 1983's provision of individual liability. The Supreme Court has recognized two exceptions to the application of § 1983 to remedy violations of other statutes: (i) where Congress has foreclosed private enforcement of the statute in the enactment itself, and (ii) where the statute was not the kind that created enforceable "rights" under § 1983. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).

It is well-settled that when a statute provides comprehensive regulation of an area of law, along with its own enforcement provisions, an aggrieved party may not rely on a more general enforcement statute to provide remedies not available through the substantive statute. *Id.* at 20 (refusing to allow § 1983 to provide the enforcement mechanism for the Federal Water Pollution Control Act and Marine Protection, Research, and Sanctuaries Act of 1972); *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999) (prohibiting the use of § 1983 to provide a remedy for the Rehabilitation Act where the Act, itself, provides a comprehensive enforcement mechanism omitting that remedy).

The Southern and Western Districts of Texas, applying this principle, have prohibited the use of § 1983 to enforce rights under the ADA. *Pena v. Bexar County,* 726 F. Supp. 2d 675, 689 (W.D. Tex. 2010); *DeLeon v. City of Alvin Police Dep't*, No. CIV.A. H-09-1022, 2009 WL 3762688, at *4 (S.D. Tex. Nov. 9, 2009) (relying on an extrapolation of *Lollar*). The *Pena* court drew in large part upon the Fifth Circuit's per curiam opinion in *Cole v. Velasquez*, 67 F. App'x 252, *2 n.11 (5th Cir. 2003), in which it indicates that the *Lollar* holding would likely bar the use of § 1983 to add remedies not available under the ADA. This analysis holds true in other circuits. *E.g., Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999); *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997).

This Court agrees. The ADA/ADAAA's comprehensive enforcement scheme precludes the use of § 1983 to add remedies against individuals that are otherwise unavailable. As Sparks has not briefed any other civil rights law as supplying the basis for his § 1983 claim, the Court GRANTS the motion for summary judgment (D.E. 63) and DISMISSES this action as bringing a claim that is not cognizable under the law. For this reason, the Court need not, and does not, reach Defendants' additional arguments for summary judgment.

ORDERED this 17th day of February, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE